THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM EDGAR BRYANT | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-887-R |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), filed on August 30, 2022, by Plaintiff's attorney, David F. Chermol. (Doc. No. 30). Mr. Chermol seeks an award of $37,743.03 in attorney fees. Defendant filed a response (Doc. No. 31) taking no position on the reasonableness of the fee request but asserting the Court should not specify how the award is to be paid. Upon consideration of the filings, the Court finds as follows.

On June 29, 2020, the Court entered Judgment in favor of Plaintiff and remanded this matter to the Commissioner for additional proceedings. (*See* Doc. Nos. 24-25). On remand, Plaintiff was found to be disabled and entitled to an award of past due benefits totaling $150,972.10. (Doc. No. 30-1, at 4). To facilitate a potential fee award, the Commissioner withheld $37,743.03 constituting twenty-five percent of the total past-due benefits owed to Plaintiff. Mr. Chermol now seeks that full amount, consistent with the fee agreement executed by Plaintiff and counsel. (*See* Doc. No. 30-2).

42 U.S.C. § 406(b) states in relevant part:

1

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). A § 406(b) motion for fees must be filed within a reasonable time of the Commissioner's decision awarding benefits. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (citation omitted). The Court finds that this motion—filed four days after receiving notice of the favorable determination and award of benefits to Plaintiff—was filed within a reasonable time. (*See* Doc. No. 30-1). Such a request must also be reasonable, a finding subject to the Court's discretion. *McGraw*, 450 F.3d at 505. When a fee agreement exists, the Court examines the reasonableness of its terms and may reduce an award as appropriate "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In support of the Motion, counsel attached a copy of the signed fee agreement consistent with the twenty-five percent recovery cap under § 406(b) and a "Statement of Attorney Time Expended" representing that 49.1 hours were devoted to work before this Court. (Doc. Nos. 30-2, 30-3). Although the legal work performed by Plaintiff's counsel was of a professional quality and resulted in a remand to the Social Security Administration, the Court concludes that counsel's request for fees—which would amount to $768.70 per hour—is unreasonable in light of community standards despite the contingency fee agreement.

Accordingly, the Court GRANTS IN PART Plaintiff counsel's Motion (Doc. No. 30) and awards counsel $24,550.00 in fees pursuant to § 406(b), subject to condition that

upon receipt of such fees, Plaintiff's counsel shall immediately refund to Plaintiff the $7,100.00 in Equal Access to Justice Act (EAJA) fees previously paid by Plaintiff to counsel. (*See* Doc. No. 27). The fee check should be made payable to David F. Chermol.

IT IS SO ORDERED this 26th day of September 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE